IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN O'NEIL SIMPSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 4:24-CV-631-O |
| | § | |
| DIRECTOR, TDCJ-ID, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the petition of Stephen O'Neil Simpson under 28 U.S.C. § 2254. For the reasons that follow, the Court concludes that the petition must be **DISMISSED**.

**I.    BACKGROUND**

On December 6, 1995, Petitioner was convicted of aggravated sexual assault of a child less than 14 years old and sentenced to a term of imprisonment of fifty years. ECF No. 1 at 1.[1] His conviction and sentence were affirmed on appeal and the Court of Criminal Appeals of Texas denied his petition for discretionary review on September 10, 1997. *Simpson v. State*, PDR No. 0933-97 (Tex. Crim. App. 1997). He did not file a petition for writ of certiorari or a state petition for writ of habeas corpus.   ECF No. 1 at 3.

On January 14, 2021, Petitioner filed his first petition for writ of habeas corpus under 28 U.S.C. § 2254, which was transferred to this division and assigned No. 4:21-CV-097-O. Respondent filed an answer urging that the petition be dismissed with prejudice as untimely or, in the alternative, that it be dismissed as a mixed petition. No. 4:21-CV-097-O, ECF No. 17.

---

[1] The page references to the petition are to "Page __ of 90" reflected at the top right portion of the document on the Court's electronic filing system.

Petitioner filed a motion to withdraw the petition, recognizing that he had not exhausted his state court remedies. *Id.* ECF No. 25. By order of dismissal signed August 31, 2021, the Court granted Petitioner's motion to withdraw the petition so that he could pursue state court relief. *Id.* ECF No. 26.

The records of the Court of Criminal Appeals of Texas of which the Court takes judicial notice reflect that on September 26, 2022, that court received Petitioner's application for 11.07 writ of habeas corpus. On November 2, 2022, the Court of Criminal Appeals denied the writ without written order.[2] *Simpson v. State*, WR-94-190-01. On December 29, 2022, Petitioner's motion for reconsideration/rehearing was dismissed. *Id.*

The petition in this case reflects that it was placed in the prison mailing system on July 2, 2024. ECF No. 1 at 44. Petitioner acknowledges that the petition is untimely:

> The AEDPA law went into effect on September 1, 1996, and my lawyer (William "Bill" Ray) was still my attorney until September 10, 1997, and at No Time did he let me know of this new law or that he was going to be qitting [sic] as my attorney, and when he filed the Ander's brief he still did Not let me know anything, and when I went to file my appeal in 1999 I was told I would be barred from the Court, and *THAT* is the reason I Tried to escape December 31, 2000.
>
> When I found out I was barred, but could still file legal, and even file an Actual Innocence Claim, I immediately get to work, and here I am!

*Id.* at 42–43. By order signed July 8, 2024, the Court ordered Petitioner to show cause why the petition should not be dismissed as untimely. ECF No. 5. The Court has received and reviewed Petitioner's response. ECF No. 6.

## II. LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person

---

[2] Petitioner appears to recognize that the petition was dismissed for failure to comply with the Texas Rules of Appellate Procedure. ECF No. 1 at 9–10.

in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary

circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Ineffective assistance is irrelevant to the determination of a right to equitable tolling because a prisoner has no right to counsel during post-conviction proceedings. *Petty*, 530 F.3d at 366. Unsupported, conclusory allegations of mental illness cannot support equitable tolling. *Smith v. Kelly*, 301 F. App'x 375, 377–78 (5th Cir. 2008). Rather, a petitioner must show that mental illness rendered him unable to pursue his legal rights during the relevant period. *Fisher v. Johnson*, 174 F.3d 710, 715–16 (5th Cir. 1999) (citing *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232–33 (5th Cir. 1999)).

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.*; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence

that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## III. ANALYSIS

Petitioner's conviction became final December 9, 1997, when the time for filing a petition for writ of certiorari expired. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). He did not file a timely state habeas application, so limitations was not tolled during the period that any application was pending. *Scott*, 227 F.3d at 263. Petitioner admits that he has been aware since 1997 that counsel was no longer representing him and that he must act on his own behalf. ECF No. 6 at 1. Further, his own lack of education and ignorance of the law impeded his progress. *Id.* at 2. He also refers to himself as a "mentally challenged man," but provides no evidence in support. *Id.* Petitioner's filings do not support any contention that he is unable to proceed on his own behalf. He simply has not shown that rare and exceptional circumstances exist in this case to entitle him to equitable tolling.

Petitioner refers to actual innocence, but does not rely upon any new reliable evidence that could not have been presented at trial. *Schlup*, 513 U.S. at 324.

## IV. CONCLUSION

For the reasons discussed herein, Petitioner's application is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **12th day** of **August, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

5